No. 96-245

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

STACY GENE HALL,

       Defendant and Appellant.

FILED

DEC 10 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Stacy G. Hall, pro se, Deer Lodge, Montana

          Deirdre Caughlan (stand-by counsel), Butte, Montana

      For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
Pamela P. Collins, Assistant Attorney General,
Helena, Montana

          Brad Newman, Deputy County Attorney, Butte,
Montana


Submitted on Briefs:  October 31, 1996

Decided:  December 10, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing and West Publishing Companies.

A jury in the Second Judicial District Court, Silver Bow County, found Stacy Hall guilty of felony escape. He appeals. We affirm. Hall raises three issues on appeal.

1. Did the District Court abuse its discretion when it allowed the State to cross-examine Dr. Peters regarding his opinion on mental disease or defect and Hall's capacity to form the requisite mental state to commit the offense of escape?

2. Did the District Court abuse its discretion when it rejected Hall's proposed jury instructions?

3. Did the District Court abuse its discretion when it instructed the jury on the definitions of purposely and knowingly in accordance with § 45-2-103(3), MCA?

BACKGROUND

Hall was transferred from prison and placed at the Butte Pre-Release Center. On May 8, 1995, while subject to official detention, Hall walked away from the Center without authorization. Three days later he was arrested and returned to Montana State Prison. Hall was charged with escape and pled not guilty. At trial, he argued that he suffered from a psychotic episode on the day of his alleged escape and did not act purposely or knowingly.

Hall introduced the testimony of Dr. Bernard Peters, a licensed psychologist. Dr. Peters had performed court-ordered psychological tests on Hall. On direct examination, Hall questioned Dr. Peters about the results of the tests, which indicated that Hall did not suffer from any neuropsychological problems and that he was mentally healthy.

On cross-examination, the State asked Dr. Peters if he had an opinion as to whether Hall suffered from mental disease or defect in May 1995. Hall objected, arguing that the opinion was for the jury to decide. The court overruled Hall's objection and Dr. Peters opined that Hall did not suffer from mental disease or defect, and that he had the capacity to act with knowledge or purpose in May 1995. Hall appeals.

1. Did the District Court abuse its discretion when it allowed the State to cross-examine Dr. Peters regarding his opinion on mental disease or defect and Hall's capacity to form the requisite mental state to commit the offense of escape?

Hall contends that the court abused its discretion when it overruled his objection, based on § 46-14-213(2), MCA, and allowed Dr. Peters to answer the question whether Hall suffered from a mental disease or defect in May 1995. The State argues that § 46-14-213(2), MCA, does not prohibit the State's question.

The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. Under § 46-14-102, MCA, evidence of a mental disease or defect is admissible to prove whether a defendant possessed a state of mind that is an element of a charged offense. See State v. Cowan (1993), 260 Mont. 510, 516,

3

861 P.2d 884, 888. Hall called Dr. Peters as a witness and introduced testimony concerning the diagnosis from a psychological test designed to determine mental disorders. Hall did not ask Dr. Peters whether Hall suffered from a mental disease or defect. However, Hall raised the possibility to the jury of whether he suffered from a mental disease or defect.

Because Hall raised the issue of his mental state at the time of his alleged escape, and centered his defense on that argument, the State was entitled to clarify the issue by asking Dr. Peters about Hall's mental condition in May 1995. Section 46-14-213(2), MCA, does not prohibit the questions that the State asked Dr. Peters. The District Court did not abuse its discretion when it allowed the State to cross-examine Dr. Peters concerning Hall's mental disease or defect.

Hall also argues that the court violated § 46-14-213(2), MCA, when it allowed Dr. Peters to give his opinion as to whether Hall possessed the mental capacity to act purposely or knowingly in May 1995. Hall failed to object to this question. We will not consider an argument raised for the first time on appeal. State v. Santos (1995), 273 Mont. 125, 133, 902 P.2d 510, 514-15.

2. Did the District Court abuse its discretion when it rejected Hall's proposed jury instructions?

Hall argues that the court did not adequately instruct the jury on his affirmative defense to escape. The State counters that Hall's proposed instruction is not supported by Montana law and that the jury was properly instructed on his defense.

4

We review jury instructions in a criminal case to determine whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. State v. Leyba (1996), 276 Mont. 45, 51, 915 P.2d 794, 797. District courts have broad discretion in formulating jury instructions. State v. Ross (1995), 269 Mont. 347, 358, 889 P.2d 161, 167. While a defendant is entitled to have instructions on his theory of the case, he is not entitled to an instruction concerning every nuance of his argument. Ross, 889 P.2d at 167.

During settlement of jury instructions, Hall submitted proposed instruction number 1. It stated:

> It is an affirmative defense that the defendant acted under the influence of extreme mental or emotional stress for which there was reasonable explanation or excuse, the reasonableness of which shall be determined from the viewpoint of a reasonable person in the actor's situation.
>
> If you find that the defendant acted under the influence of extreme mental or emotional stress, then you must find him not guilty.

The State objected to this proposed instruction, arguing that it was an improper statement of Montana law. The court sustained the objection. Hall then submitted a revised proposed jury instruction which stated:

> You are instructed that the defendant is charged with an offence [sic] which requires him to have acted with the mental state of purposely or knowingly.
>
> A person is not guilty of the offence [sic] of escape if you find that he did not act purposely or knowingly.

The State objected to the revised proposed instruction because it was repetitive. The court sustained the objection.

5

A defendant is entitled to a jury instruction regarding any recognized defense for which there exists sufficient evidence for a reasonable jury to find in his favor. Mathews v. United States (1988), 485 U.S. 58, 63, 108 S.Ct. 883, 887, 99 L.Ed.2d 54, 61. In Montana, extreme emotional distress is a recognized affirmative defense to deliberate homicide and may reduce such a charge to mitigated deliberate homicide. See § 45-5-103, MCA. However, a defendant's extreme mental or emotional distress is not a recognized affirmative defense to escape.

Hall argues that the court erred when it refused to give the jury his revised proposed jury instruction. A court can refuse repetitious jury instructions. State v. Larson (1978), 175 Mont. 395, 401, 574 P.2d 266, 270. The jury received instructions that evidence of a defendant's mental disease or defect is admissible to prove that the defendant did not have the state of mind necessary to prove an element of the offense with which he was charged. The jury was also instructed that the State had to prove beyond a reasonable doubt that Hall acted purposely or knowingly. The District Court did not abuse its discretion when it refused to include Hall's revised proposed jury instructions, the contents of which had already been included in two other instructions.

Hall also argues that because the District Court refused his proposed jury instructions, he was denied the ability to present an adequate defense. This is inaccurate. Hall argued to the jury that he lacked the required mental intent on May 8, 1995, to commit the offense of escape due to extreme mental or emotional stress.

6

Through his own testimony and that of several witnesses, Hall placed his mental state on May 8, 1995, into evidence. The District Court fully and accurately instructed the jury on the offense of escape and did not prohibit Hall from raising an adequate defense.

3. Did the District Court properly instruct the jury on the definitions of purposely and knowingly in accordance with § 45-2-103(3), MCA?

Hall argues that proposed instruction number 17 was improper because it instructed the jury to disregard any state of mind requirement and made a mandatory presumption regarding the mental state required to prove him guilty of escape.

The District Court offered proposed instruction number 17 during settlement of instructions. The proposed instruction stated:

Purpose or knowledge is manifested by the circumstances connected with the offense.

Purpose or knowledge need not be proved by direct evidence, but may be inferred from acts, conduct and circumstances appearing in evidence.

Hall objected, claiming that proposed instruction number 17 requires the jury to ignore state of mind and does not advise that purpose or knowledge are required mental intent. The District Court overruled Hall's objection.

In instruction number 14 the jury was instructed that the State must prove the element of purposely or knowingly beyond a reasonable doubt. Instruction number 7 informed the jury that they were to consider all of the instructions as a whole. It was unnecessary for the court to accept Hall's proposed instruction

7

number 17 to repeat the language of instruction number 14, which already informed the jury that the State must prove all elements of the charged offense beyond a reasonable doubt.

The jury was properly instructed in conformity with § 45-2-103(3), MCA, which provides, "The existence of a mental state may be inferred from the acts of the accused and the facts and circumstances connected with the offense." Because mental state is rarely susceptible to direct proof, it must usually be inferred from the facts testified to by witnesses and the circumstances developed by the evidence. State v. Smith (1987), 228 Mont. 258, 262-63, 742 P.2d 451, 453-54. The District Court did not abuse its discretion when it gave instruction numbers 7 and 14 and refused to give proposed instruction number 17.

For the reasons stated in this opinion, we affirm.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

December 10, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Stacy G. Hall
700 Conley Lake Rd.
Deer Lodge, MT 59722


Deirdre Caughlan
Attorney at Law
27 W. Broadway St.
Butte, MT 59701

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Brad Newman
Deputy County Attorney
Silver Bow County Courthouse
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy